**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Marika Brenes, as Personal Representative of the Estate of Johan Marco Horstik Brenes; and Max Brenes, | ) ) ) ) | Civ. No. 2:25-cv-03512-DCN _____ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **COMPLAINT** (Jury trial demanded) |
| Darrell Mazyck; Transportation Management Solutions, LLC, Carolina National Transportation, LLC, a/k/a/ The Carolina Group of Companies; Gulf Line Transport, LLC; Five Star Transport, LLC; Antler Transport, LLC; Freightmaster USA, LLC; Fast Freight Systems, Inc.; ThunderBird Motor Express, LLC; and US 1 Industries, Inc., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Marika Brenes, as Personal Representative of the Estate of Johan Marco Horstik Brenes, and Max Brenes, complaining of Defendants Darrell Mazyck, Transportation Management Solutions, LLC, Carolina National Transportation, LLC, a/k/a/ The Carolina Group of Companies, Gulf Line Transport LLC, Five Star Transport LLC, Antler Transport LLC, Freightmaster USA LLC, Fast Freight Systems, Inc., ThunderBird Motor Express LLC, and US 1 Industries, Inc., would respectfully show unto the Court as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff Marika Brenes is a resident of North Carolina. She is the mother and Personal Representative of Johan Marco Horstik Brenes, deceased.

2.    Plaintiff Max Brenes is a resident of North Carolina. He is the father of Johan Marco Horstik Brenes, deceased.

3.      Defendant Darrell Mazyck is a resident of South Carolina.

4.      Defendant Transportation Management Solutions, LLC, is a limited liability company organized under the laws of South Carolina with its principal place of business in Charleston County, South Carolina.  Upon information and belief, all members of the LLC are residents of Charleston County, South Carolina.

5.      Defendant Carolina National Transportation, LLC, a/k/a/ The Carolina Group of Companies, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

6.      Defendant Gulf Line Transport, LLC, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

7.      Five Star Transport, LLC, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

8.      Antler Transport, LLC, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

9.      Freightmaster USA, LLC, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

10.     Fast Freight Systems, Inc., is a corporation incorporated under the laws of Indiana with its principal place of business in Indiana.  On information and belief, it is owned by Defendant US 1 Industries, Inc., an Indiana corporation.

11.     ThunderBird Motor Express, LLC, is a limited liability company organized under the laws of Indiana.  Upon information and belief, the only member of the LLC is Defendant US 1 Industries, Inc., an Indiana corporation.

12.     US 1 Industries, Inc., is a corporation incorporated under the laws of Indiana with its principal place of business in Indiana.

13.     The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

14.     The Court has personal jurisdiction over Defendants because the claims in this action arise from Defendants' actions in, and contacts with, South Carolina.

15.     Venue is proper in the Charleston Division of this District because the most substantial part of the acts or omissions giving rise to this action occurred in Dorchester County, South Carolina.

## FACTUAL ALLEGATIONS

16.     Defendants Carolina National Transportation, LLC, a/k/a/ The Carolina Group of Companies, Gulf Line Transport LLC, Five Star Transport LLC, Antler Transport LLC, Freightmaster USA LLC, Fast Freight Systems, Inc., and ThunderBird Motor Express LLC (collectively, the "Shell Company Defendants") and Defendant US 1 Industries, Inc. (together with the Shell Company Defendants, the "US 1 Industries Defendants") are no-asset interstate trucking companies that operate hundreds of heavy trucks on interstate highways owned by other entities. US 1 Industries focuses on hauling intermodal shipping containers near ports.

17.     The Shell Company Defendants are all undercapitalized paper-only entities under the total dominion and control of US 1 Industries, using the same office space and employees, and are alter egos of each other and of their parent, US Industries, Inc.

18.     The US 1 Industries Defendants are Indiana entities listing their "principal office address" at 336 West U.S. 30, Suite 201, Valparaiso, Indiana, and the registered agent of service for each is the general counsel for US 1 Industries.  However, for registration with the federal Department of Transportation—a legal requirement to engage in interstate commerce—each Shell Company Defendant lists its physical and mailing address as 950 Houston Northcutt Blvd, Suite 100, Mount Pleasant, SC.  That small office is in reality just a dispatch office for US 1 Industries' operations in the Charleston area using the Shell Company Defendants as mere instrumentalities.

19.     Although the Shell Company Defendants operate from an office in South Carolina close to port facilities in the Charleston area and represent to the U.S. Department of Transportation that is their physical address, none of the Shell Company Defendants are registered with the South Carolina Secretary of State to do business in South Carolina.  Instead, each Shell Company Defendant represents to the Indiana Secretary of State that its principal office address is US 1 Industries' address in Indiana.

20.     On March 21, 2025, at approximately 8 p.m., Max Brenes was driving his 12-year-old son Johan Brenes to a soccer event in Charleston, South Carolina, in a 2017 Kia Sorento.  At that time, they were driving east on Interstate 26 near Exit 172.  Max Brenes was operating his vehicle in a safe and prudent manner.

21.     A 2017 Freightliner Cascadia tractor-trailer driven by Defendant Mazyck, VIN 1FUJGLDR3HLHK0134, owned by Defendant Transportation Management Solutions, and operated by the US 1 Industries Defendants as the motor carrier, was also driving east on Interstate

4

26 near Exit 172 at that time.  The truck had an Indiana license plate number 3504312, which of course is the state where the US 1 Industries Defendants are located, not the owner Transportation Management Solutions, which is located in Mount Pleasant, South Carolina.

22.     As the tractor-trailer passed the interchange at Exit 172, it suddenly shifted lanes, despite the presence of Max Brenes's vehicle in an adjacent lane.  Mr. Brenes attempted to evade the truck as it merged into his lane, even to the point of leaving the highway and traveling on adjacent grass.

23.     However, the tractor-trailer collided with the vehicle driven by Mr. Brenes and fell on top of his Kia, in which young Johan was a passenger.  He was pinned inside the crushed vehicle and died from excruciating thoracic compression while his father watched helplessly.

## FIRST CAUSE OF ACTION
### (Wrongful Death - Negligence/negligence *per se*/Gross Negligence/Recklessness)

24.     Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

25.     Drivers of motor vehicles on public roads owe a duty to exercise ordinary care at all times to avoid other motorists in danger and to use like care to avoid collisions.

26.     Defendant Mazyck breached his duty of care and was negligent, negligent *per se*, grossly negligent, and/or reckless in one or more of the following ways:

> a.     In failing to maintain his vehicle in his lane;
>
> b.     In crashing into Mr. Brenes's vehicle;
>
> c.     Failing to maintain a proper lookout; and
>
> d.     In such other particulars as may be ascertained through discovery.

27.     Defendant Mazyck's conduct was grossly negligent because he failed to take even slight care to operate his vehicle in a safe and lawful manner by keeping his tractor-trailer within its travel lane on an Interstate highway.

28.    On information and belief, Defendant Mazyck was grossly negligence particularly in responding to traffic merging onto the highway and into his travel lane at Exit 172 by suddenly shifting into the left lane while maintaining a constant speed and without regard for the presence of vehicles in the left lane, instead of simply slowing down to accommodate the merging traffic.

29.    As direct and proximate result of Defendants' negligence and gross negligence, Mr. Brenes suffered physical injury.

30.    Under the doctrine of *respondeat superior* Defendants Transportation Management Solutions and the US 1 Industries Defendants have joint and several liability for Defendant Mazyck's negligence and gross negligence.

31.    As a result of the above-described acts and omissions of Defendants, Johan Brenes was killed.

32.    Plaintiff Marika Brenes, as Personal Representative of the Estate of Johan Marco Horstik Brenes, is entitled to recover all damages, present and prospective, suffered because of her son's wrongful death, including pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of the use and comfort of her son's society.

33.    Plaintiff Marika Brenes also incurred burial expenses and other out-of-pocket expenses because of Defendants' conduct.

**SECOND CAUSE OF ACTION**
**(Survival - Negligence/negligence *per se*/Gross Negligence/Recklessness)**

34.    Each of the foregoing paragraphs are incorporated herein.

35.    Between the time the collision occurred and the time of his death, Johan Brenes suffered s extreme conscious pain and suffering, mental anguish, distress, and shock because of the collision.

6

36.     Plaintiff Marika Brenes, as Personal Representative of the Estate of Johan Marco Horstik Brenes, is entitled to judgment against Defendants in an amount sufficient to compensate the estate for damages suffered during Johan Brenes's survival.

## THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

37.     Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

38.     Max Brenes was in the same car as his son when he witnessed the above-described negligent and grossly negligent acts and omissions of Defendants cause his 12-year-old son to be crushed to death.

39.     As a direct and proximate result of Defendants' negligence and gross negligence, Max Brenes has suffered extreme emotional distress resulting in physical manifestations and symptoms that have been diagnosed by medical professionals.

40.     Plaintiff Max Brenes is entitled to recover all damages, present and prospective, suffered as a result of Defendants' conduct.

## JURY TRIAL DEMANDED

Plaintiffs respectfully demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants in this matter in a sum sufficient to adequately compensate them for damages suffered, for attorneys' fees and costs incurred in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Richard A. Harpootlian
Richard A. Harpootlian (SC Bar No. 2725)
Phillip D. Barber (SC Bar No. 103421)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, SC 29202
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR THE PLAINTIFFS

April 18, 2025
Columbia, South Carolina.