# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Marika Brenes, as Personal Representative of the Estate of Johan Marco Horstik Brenes; and Max Brenes,<br><br>    Plaintiffs,<br><br>v.<br><br>Darrell Mazyck; Transportation Management Solutions, LLC; Carolina National Transportation, LLC, a/k/a The Carolina Group of Companies; Gulf Line Transport, LLC; Five Star Transport; LLC; Antler Transport, LLC; Freightmaster USA, LLC; Fast Freight Systems, Inc.; US 1 Industries, Inc., and Hapag-Lloyd (America), LLC,<br><br>    Defendants. | CIVIL NO. 2:25-vs-03512 DCN<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Defendants, Carolina National Transportation, LLC, Darryl Mazyck and Transportation Management Solutions would respectfully show unto the Court as follows:

### INTRODUCTION

1. It is denied that Max Brenes was operating his vehicle in a safe and prudent manner. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. The averments of Paragraph 2 of Plaintiffs' Amended Complaint are admitted only to the extent that a tractor-trailer driven by Defendant Mazyck, owned by Defendant Transportation Management Solutions, LLC, under the authority of motor carrier Carolina National Transportation was towing a Hapag-Lloyd (America), LLC container. The remainder of the averments of Paragraph 2 are denied.

165014129.1

3. The averments of Paragraph 3 of Plaintiffs' Amended Complaint are admitted in part and denied in part. It is admitted that the tractor-trailer was involved in a collision with the Brenes vehicle. It is denied that Max Brenes was driving his vehicle at a safe speed. These Defendants lack sufficient knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4. The averments of Paragraph 4 of Plaintiffs' Amended Complaint are admitted in part and denied in part. It is admitted that the tractor-trailer was involved in a collision with the Brenes vehicle. These Defendants lack sufficient knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 4 of Plaintiffs' Amended Complaint.

### PARTIES AND JURISDICTION

5. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7. The averments contained in Paragraph 7 of Plaintiffs' Amended Complaint are admitted.

8. The averments contained in Paragraph 8 of Plaintiffs' Amended Complaint are admitted.

9. The averments contained in Paragraph 9 of Plaintiffs' Amended Complaint are admitted in part and denied it part. It is denied that Carolina National Transportation, LLC is "a/k/a The Carolina Group of Companies".

10. The averments of Paragraph 10 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

11. The averments of Paragraph 11 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

12. The averments of Paragraph 12 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

13. The averments of Paragraph 13 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

14. The averments of Paragraph 14 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

15. The averments of Paragraph 15 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

16. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 16 of Plaintiffs' Amended Complaint.

17. These Defendants make no answer to the averments of Paragraph 17 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

18. These Defendants make no answer to the averments of Paragraph 18 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

19. These Defendants make no answer to the averments of Paragraph 19 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

20. These Defendants make no answer to the averments of Paragraph 20 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

21. These Defendants make no answer to the averments of Paragraph 22 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

165014129.1

22. These Defendants make no answer to the averments of Paragraph 17 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

23. These Defendants make no answer to the averments of Paragraph 23 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

## FACTUAL ALLEGATIONS

24. The averments of Paragraph 24 of Plaintiffs' Amended Complaint are admitted only as to the averment that Defendant Carolina National Transportation, LLC is an interstate motor carrier. The remainder of the averments of Paragraph 24 are denied.

25. The averments of Paragraph 25 of Plaintiffs' Amended Complaint are admitted only to the extent that Defendant Darryl Mazyck was operating the subject truck under the authority Carolina National Transportation, LLC. The remainder of the averments of Paragraph 25 are denied.

26. The averments of Paragraph 26 of Plaintiffs' Amended Complaint are admitted in part and denied in part. It is admitted that Defendant Transportation Management Solutions, LLC is a company owned by William Walker and James Laughridge. The remainder of the averments of Paragraph 26 are denied as stated.

27. The averments of Paragraph 27 of Plaintiffs' Amended Complaint are overly general and vague and therefore denied as stated.

28. These Defendants make no answer to the averments of Paragraph 28 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

29. The averments of Paragraph 29 of Plaintiffs' Amended Complaint are admitted.

30. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 30 of Plaintiffs' Amended Complaint.

31. The averments of Paragraph 31 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

32. The averments of Paragraph 32 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

33. The averments of Paragraph 33 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

34. The averments of Paragraph 34 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

35. The averments of Paragraph 35 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

36. The averments of Paragraph 36 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

37. The averments of Paragraph 37 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.  To the extent these averments relate to Carolina National Transportation, LLC, said averments are admitted in part and denied in part.  It is admitted that the two Carolina National entities were created in 1996.

38. The averments of Paragraph 38 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.  To the extent these averments relate to Carolina National Transportation, LLC, said averments are denied.

39. The averments of Paragraph 39 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

40. The averments of Paragraph 40 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

41. The averments of Paragraph 41 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

42. The averments of Paragraph 42 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants. To the extent these averments relate to Carolina National Transportation, LLC, said averments are denied.

43. The averments of Paragraph 43 of Plaintiffs' Amended Complaint are denied to the extent they refer to Carolina National Transportation, LLC.

44. The averments of Paragraph 44 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants. To the extent these averments relate to Carolina National Transportation, LLC, said averments are admitted in part and denied in part. It is admitted that the registered address of Carolina National Transportation, LLC is correct. It is denied that a David Cooper is general counsel.

45. The averments of Paragraph 45 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants. To the extent these averments relate to Carolina National Transportation, LLC, said averments are denied.

46. The averments of Paragraph 46 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

47. The averments of Paragraph 47 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

48. The averments of Paragraph 48 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

49. The averments of Paragraph 49 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

165014129.1

50. The averments of Paragraph 50 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

51. The averments of Paragraph 51 of Plaintiffs' Amended Complaint are directed to another party and no response is required from these Defendants.

52. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53. The averments contained in Paragraph 53 of Plaintiffs' Amended Complaint are admitted in part and denied in part. The date averred is incorrect.

54. The averments of Paragraph 54 of Plaintiffs' Amended Complaint are admitted.

55. The averments of Paragraph 55 of Plaintiffs' Amended Complaint are denied as stated. However the percentage of ownership are correct. Carolina Group is not an official entity.

56. The averments of Paragraph 56 of Plaintiffs' Amended Complaint are admitted.

57. The averments of Paragraph 57 of Plaintiffs' Amended Complaint are vague and therefore denied as stated.

58. The averments of Paragraph 58 of Plaintiffs' Amended Complaint are denied. Mr. Blue is President of Carolina National Transportation, LLC.

59. The averments of Paragraph 59 of Plaintiffs' Amended complaint are denied. Kelli Nelson was an owner of Carolina National Transportation, LLC at the time of the subject accident.

60. The averments of Paragraph 60 of Plaintiffs' Amended Complaint are admitted.

61. The averments of Paragraph 61 of Plaintiffs' Amended Complaint are admitted.

62. The averments of Paragraph 62 of Plaintiffs' Amended Complaint are denied. Gage Blue has been acting President or President since 1996.

165014129.1

63. The averments of Paragraph 63 of Plaintiffs' Amended Complaint are admitted only to the extent that Gage Blue was listed as general manager.

64. The averments of Paragraph 64 of Plaintiffs' Amended Complaint are admitted.

65. The averments of Paragraph 65 of Plaintiffs' Amended Complaint are denied.

66. The averments of Paragraph 66 of Plaintiffs' Amended Complaint are denied as stated.

67. The averments of Paragraph 67 of Plaintiffs' Amended Complaint are denied as stated.

68. The averments of Paragraph 68 of Plaintiffs' Amended Complaint are denied as stated.

69. The averments of Paragraph 69 of Plaintiffs' Amended Complaint are denied as stated.

70. The averments of Paragraph 70 of Plaintiffs' Amended Complaint are denied.

71. The averments of Paragraph 71 of Plaintiffs' Amended Complaint are denied.

72. The averments of Paragraph 72 of Plaintiffs' Amended Complaint are denied.

73. The averments of Paragraph 73 of Plaintiffs' Amended Complaint are denied.

74. The averments of Paragraph 74 of Plaintiffs' Amended Complaint are denied.

75. The averments of Paragraph 75 of Plaintiffs' Amended Complaint are denied.

76. The averments of Paragraph 76 of Plaintiffs' Amended Complaint are denied.

77. The averments of Paragraph 77 of Plaintiffs' Amended Complaint are directed to other parties and no response is required from these Defendants.

78. The averments of Paragraph 78 of Plaintiffs' Amended Complaint are unclear as to what parties they are directed to and accordingly are denied.

79. The averments of Paragraph 79 of Plaintiffs' Amended Complaint are denied.

80. The averments of Paragraph 80 of Plaintiffs' Amended Complaint are vague as to the terms "their trucks" and are therefore denied.

81. The averments of Paragraph 81 of Plaintiffs' Amended Complaint are unclear as to what parties they are directed to and accordingly are denied.

82. The averments of Paragraph 82 of Plaintiffs' Amended Complaint are unclear as to what parties they are directed to and accordingly are denied.

83. The averments of Paragraph 83 of Plaintiffs' Amended Complaint are directed to other parties and no response is required from these Defendants.

84. The averments of Paragraph 84 of Plaintiffs' Amended Complaint are directed to other parties and no response is required from these Defendants.

85. The averments of Paragraph 85 of Plaintiffs' Amended Complaint are denied.

86. The averments of Paragraph 86 of Plaintiffs' Amended Complaint are denied.

87. The averments of Paragraph 87 of Plaintiffs' Amended Complaint are denied as stated. They chassis was registered to Devine Transportation, LLC under the motor carrier authority of Carolina National Transportation, LLC.

88. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 89 of Plaintiffs' Amended Complaint.

90. The averments of Paragraph 90 of Plaintiffs' Amended Complaint are admitted in part and denied in part. It is denied That the subject truck was operated by or under the authority of any entity other than Carolina National Transportation, LLC.

91. The averments of Paragraph 91 of Plaintiffs' Amended Complaint are denied.

92. The averments of Paragraph 92 of Plaintiffs' Amended Complaint are denied as to Defendant Mazyck being an employee of these Defendants. It is admitted that he was operating the truck with the permission of Defendant Transportation Management Solutions, LLC and under the authority of motor carrier Carolina National Transportation, LLC.

93. The averments contained in Paragraph 93 of Plaintiffs' Amended Complaint are admitted.

94. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 94 of Plaintiffs' Amended Complaint.

95. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 95 of Plaintiffs' Amended Complaint.

96. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 97 of Plaintiffs' Amended Complaint.

98. The averments of Paragraph 98 of Plaintiffs' Amended Complaint are vague and are accordingly denied.

99. The averments of Paragraph 99 of Plaintiffs' Amended Complaint are vague and are accordingly denied.

100. The averments of Paragraph 100 of Plaintiffs' Amended Complaint are admitted.

101. The averments of Paragraph 101 of Plaintiffs' Amended Complaint are denied.

102. The averments of Paragraph 102 of Plaintiffs' Amended Complaint are admitted, except to the extent that these Defendants are without knowledge as to the speed of the Brenes vehicle.

103. The averments of Paragraph 103 of Plaintiffs' Amended Complaint are denied.

104. The averments of Paragraph 104 of Plaintiffs' Amended Complaint are denied as stated. It is admitted that the right side of the Kia contacted the left front of the Freightliner.

105. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106. The averments of Paragraph 106 of Plaintiffs' Amended Complaint are denied.

107. The averments of Paragraph 107 of Plaintiffs' Amended Complaint are admitted.

108. The averments of Paragraph 108 of Plaintiffs' Amended Complaint are denied as stated.

109. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 109 of Plaintiffs' Amended Complaint.

110. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 110 of Plaintiffs' Amended Complaint.

111. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 111 of Plaintiffs' Amended Complaint.

**FIRST CAUSE OF ACTION**
**Improper Lane Change**
**Wrongful Death -  Negligence/negligence *per se*/Gross Negligence/Recklessness**
**(Against Defendant Mazyck and the US 1 Industries Defendants)**

165014129.1

112. Paragraph 112 of Plaintiffs' Amended Complaint is an incorporation paragraph to which Defendants respond by incorporating Paragraphs 1 through 111 of this Answer as if set forth at length herein.

113. These Defendants make no answer to the averments of Paragraph 113 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

114. The averments of Paragraph 114 of Plaintiffs' Amended Complaint, including subparagraphs a through d, are denied.

115. The averments of Paragraph 115 of Plaintiffs' Amended Complaint are denied.

116. The averments of Paragraph 116 of Plaintiffs' Amended Complaint are denied.

117. These Defendants make no answer to the averments of Paragraph 117 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

118. These Defendants make no answer to the averments of Paragraph 118 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

119. These Defendants make no answer to the averments of Paragraph 119 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

120. The averments of Paragraph 120 of Plaintiffs' Amended Complaint are denied.

121. These Defendants make no answer to the averments of Paragraph 121 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

122. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 122 of Plaintiffs' Amended Complaint.

**SECOND CAUSE OF ACTION**
**Improper Lane Change**
**Survival – Negligence/negligence *per se*/Gross Negligence Recklessness**
**(Against Defendant Mazyck and the US 1 Industries Defendants)**

123.    Paragraph 123 of Plaintiffs' Amended Complaint is an incorporation paragraph to which Defendants respond by incorporating Paragraphs 1 through 123 of this Answer as if set forth at length herein.

124.    These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 124 of Plaintiffs' Amended Complaint.

125.    These Defendants make no answer to the averments of Paragraph 125 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

### THIRD CAUSE OF ACTION
### Improper Loading
### Wrongful Death – Negligence/negligence *per se*/Gross Negligence
### (Against all Defendants)

126.    Paragraph 126 of Plaintiffs' Amended Complaint is an incorporation paragraph to which Defendants respond by incorporating Paragraphs 1 through 125 of this Answer as if set forth at length herein.

127.    These Defendants make no answer to the averments of Paragraph 127 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

128.    These Defendants make no answer to the averments of Paragraph 128 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

129.    The averments of Paragraph 129 of Plaintiffs' Amended Complaint are unclear as to what is being alleged as to what party.  Said averments are denied.

130.    The averments of Paragraph 130 of Plaintiffs' Amended Complaint unclear as to what is being alleged as to what party.  Said averments are denied.

131.    The averments of Paragraph 131, including subparagraph a through d, of Plaintiffs' Amended Complaint are denied.

165014129.1

132. These Defendants make no answer to the averments of Paragraph 132 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

133. These Defendants make no answer to the averments of Paragraph 133 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

134. These Defendants make no answer to the averments of Paragraph 134 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

135. The averments of Paragraph 135 of Plaintiffs' Amended Complaint are unclear as to what is being alleged as to what party. Said averments are denied.

136. The averments of Paragraph 136 of Plaintiffs' Amended Complaint are unclear as to what is being alleged as to what party. Said averments are denied.

137. These Defendants make no answer to the averments of Paragraph 137 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

138. These Defendants make no answer to the averments of Paragraph 138 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

139. These Defendants make no answer to the averments of Paragraph 139 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

140. The averments of Paragraph 140 of Plaintiffs' Amended Complaint are denied.

141. These Defendants make no answer to the averments of Paragraph 141 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

142. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 142 of Plaintiffs' Amended Complaint.

**FOURTH CAUSE OF ACTION**
**Improper Loading**
**Survival – Negligence/negligence *per se*/Gross Negligence/Recklessness**
**(Against all Defendants)**

165014129.1

143. Paragraph 143 of Plaintiffs' Amended Complaint is an incorporation paragraph to which Defendants respond by incorporating Paragraphs 1 through 142 of this Answer as if set forth at length herein.

144. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 144 of Plaintiffs' Amended Complaint.

145. These Defendants make no answer to the averments of Paragraph 145 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

146. Paragraph 146 of Plaintiffs' Amended Complaint is an incorporation paragraph to which Defendants respond by incorporating Paragraphs 1 through 145of this Answer as if set forth at length herein.

147. These Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 147 of Plaintiffs' Amended Complaint.

148. The averments of Paragraph 148 of Plaintiffs' Amended Complaint are denied.

149. These Defendants make no answer to the averments of Paragraph 149 of Plaintiffs' Amended Complaint, since it states conclusions of law rather than averments of fact.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses to Plaintiffs' Amended Complaint, Defendants Darrell Mazyck, Carolina National Transportation, LLC and Transportation Management Solutions, LLC state as follows:

1. Plaintiffs' own careless and negligent actions were the sole proximate cause of Plaintiffs' alleged injuries and damages and, thus, these Defendants are entitled to a determination

165014129.1

as to the percentage that that Plaintiffs' negligent conduct contributed to the accident and to a reduction an any amount awarded to Plaintiffs by an equal percentage of Plaintiff Max Brenes' own negligent conduct.

2    Defendants Darrell Mazyck, Carolina National Transportation, LLC and Transportation Management Solutions, LLC assert all of the defenses available under South Carolina and federal law.

3.    Defendants Darrell Mazyck, Carolina National Transportation, LLC and Transportation Management Solutions, LLC acted reasonably and without negligence at all times material to Plaintiffs' Complaint.

4.    These Defendants did not breach any duty owed to Plaintiffs.

5.    No act or omission of these Defendants proximately caused Plaintiffs' alleged damages. Therefore, Plaintiffs are not entitled to recovery from these Defendants.

6.    Plaintiffs' claims are barred to the extent that they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond these Defendants' control.

7.    No act or failure to act by these Defendants caused Plaintiffs' alleged damages.

8.    Plaintiff's claims are or may be barred by the doctrines of contributory negligence, estoppel, waiver, unclean hands, and/or laches.

9.    Plaintiffs' claims should be barred or reduced by the doctrine of comparative negligence.

10.    Plaintiffs' claims should be barred or reduced by the provisions of the Graves Amendment, 49 U.S.C. § 30106 *et seq*.

11.    Any alleged liability of these Defendants, which are denied, must be determined and apportioned consistent with the provisions of the South Carolina Contribution Among Tortfeasors Act, codified at S.C. Code Ann. § 15-38-10 *et seq*.

12.    Plaintiffs' Amended Complaint fails to state a cause of action for attorney fees and costs. To the extent that Plaintiffs' Complaint purports to assert a cause of action for attorney fees and costs, this Court should dismiss it.

13.    Plaintiffs' Amended Complaint fails to state a cause of action for punitive damages.

14.    No basis in law or fact supports the imposition of punitive damages against these Defendants for Plaintiffs' claims.

15. The imposition of punitive damages against these Defendants would violate Defendants' right to procedural due process according to the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina. Therefore, Plaintiffs' Amended Complaint fails to state a cause of action for punitive damages against Defendants.

16. The imposition of punitive damages against Defendants would violate Defendants' right to protection from "excessive fines" according to the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of South Carolina. Therefore, Plaintiffs' Amended Complaint fails to state a cause of action for punitive damages against Defendants.

17. The imposition of punitive damages against Defendants would violate Defendants' right to substantive due process according to the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina. Therefore, Plaintiffs' Amended Complaint fails to state a cause of action for punitive damages against Defendants.

18. Defendants deny that they are liable to Plaintiffs for any alleged damages, including punitive damages. Nonetheless, any award of punitive damages against Defendants is limited by South Carolina law's cap on punitive damages and the Due Process clause.

19. Defendants Darrell Mazyck, Carolina National Transportation, LLC and Transportation Management Solutions, LLC reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to Defendants during the course of investigation, discovery, and/or trial of this matter.

20. All averments of Plaintiffs' Amended Complaint not expressly admitted are denied.

**JURY TRIAL DEMANDED**

Defendants respectfully demand a trial by a 12-person jury on all claims so triable.

165014129.1

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiffs and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Curtis L. Ott
Curtis L. Ott (Fed ID 5939)
Gallivan, White & Boyd, P.A.
PO Box 7368
Columbia, SC 29202-7368
cott@gwblawfirm.com
(803) 779-1833 Ofc

*Attorney for Defendants Darrell Mazyck, Transportation Management Solutions, LLC, and Carolina National Transportation, LLC*

October 20, 2025

165014129.1